UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID MILLAUD                                          CIVIL ACTION NO. 23-2358

VERSUS

AMERICAN SECURITY
INSURANCE COMPANY

## NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security") hereby removes to this Court the civil action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, no. 2023-03793, Division M, Section 13, styled "*David Millaud v. American Security Insurance Company.*" A copy of all pleadings, process, and orders that were originally served on the defendant are attached as Exhibit A, which include, namely: (1) the Citation, and (2) plaintiff's "Petition for Damages."

Title 28 U.S.C. §1446 requires that a short and plain statement of the grounds for removal accompany any notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'"). This action may be removed because the Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this removal, American Security shows that:

1.

This suit is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

1

2.

Diversity jurisdiction requires that the plaintiffs be diverse in citizenship from every defendant. *Strawbridge v. Curtis*, 3 Cranch 267 (1806); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014). The plaintiff in this matter, David Millaud, was a resident of and domiciled in the State of Louisiana at the time of filing of this suit and at the time of removal. Thus, plaintiff is a citizen of the State of Louisiana.

3.

Defendant American Security was and is a Delaware corporation with its principal place of business in Georgia at the time the plaintiff filed his lawsuit and at the time of removal. Therefore American Security was not a citizen of Louisiana at the time of removal or at the time the suit was filed.

4.

Accordingly, the parties' citizenship is diverse.

5.

Plaintiff's Petition for Damages (Exhibit A) does not include a formal monetary demand. Nevertheless, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

6.

This is a property damage insurance claim, related to damage sustained in Hurricane Ida on August 29, 2021, to insured property located at 3670 Gentilly Boulevard, New Orleans, Louisiana. (Petition, ¶¶ II, III)

7.

Plaintiff alleges that American Security breached the insurance contract by failing to pay sums due under the policy of insurance for covered causes of loss. (Petition, ¶ VI)

8.

American Security issued Residential Dwelling Certificate no. MLR07299606511 to Nationstar Mortgage LLC, with coverage for insured property located at 3670 Gentilly Boulevard, New Orleans, Louisiana 70122, according to its terms. (Exhibit B) Policy limits are $317,626.00 for covered damage sustained to the insured dwelling, and $31,762.00 for covered damage to insured other structures.

9.

To date, on plaintiff's Hurricane Ida claim, American Security has paid $6,061.10 under the dwelling coverage part, and $3,282.73 under the other structures coverage part. (See Exhibit C, payment letter)

10.

By way of contrast, the plaintiff asserts that the insured property sustained covered damage in the amount of $182,042.21to the dwelling. (See Exhibit D, demand and estimate.)

11.

Subtracting American Security's payments and the $6,352.00 deductible, the amount of $169,629.11 remains in dispute on plaintiff's Hurricane Ida claim, related to the dwelling.

12.

Moreover, the plaintiff is also seeking to recover consequential damages, penalties and attorney's fees for alleged bad faith. (Petition, ¶ IX.)

13.

Although American Security disputes that the plaintiff is entitled to damages, penalties or attorney's fees under any circumstances, Louisiana statutes entitle a plaintiff to recover amounts in excess of the face amount of the policy as a penalty in certain specific and enumerated circumstances.  La. R.S. § 22:1892 and La. R.S § 22:1973.  Where punitive damages are recoverable, they must be considered to the extent claimed in determining the jurisdictional amount.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998); *Brown v. Globe Life & Accident Ins. Co.*, 2015 WL 6459698, at *3 (M.D. La. Sept. 29, 2015), *report and recommendation adopted,* 2015 WL 6456567 (M.D. La. Oct. 26, 2015); *Milner v. Farmers Ins. Co. of Oregon*, 2016 WL 7473851, at *3 (E.D. La. Dec. 29, 2016) (Vance, J).

14.

Even though American Security disputes plaintiff's entitlement to any penalties, actual damages, or attorney's fees, these are included in determining the amount in controversy.  "[A] case may be removed unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'"  *Marcel v. Pool Company*, 5 F.3d 81, 84 (5th Cir. 1993), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938), *and citing Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 564 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

15.

Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332 is more than satisfied.

16.

Under La. R.S. § 22:1892, an insurer is subject to a penalty, "in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, . . . as well as reasonable attorney fees and costs." La. R.S. § 22:1892(B)(1).

17.

Under La. R.S. § 22:1973, "In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. R.S. § 22:1973(C). The "damages sustained" under La. R.S. § 22:1973 refers to the insured's consequential damages for failure to pay. Recoverable damages under the statute include any damages, foreseeable or not, that are a direct consequence of the insurer's failure to perform. *Williams v. Louisiana Indem. Co.*, 658 So.2d 739, 742 (La. App. 2 Cir. 1995). See also, *Morrison v. Alexandria Commons, LLC*, 25 So.3d 989, 997 (La. App. 3 Cir. 2009); ("[La. R.S. 22:1973] does not limit the type of damages for which penalties may be awarded.")

18.

As the law has developed, a successful bad faith claimant may recover attorney's fees under La. R.S. § 22:1892, plus the maximum penalty available under either La. R.S. § 22:1892 or § 22:1973 but not both – either fifty percent of the amount due (R.S. § 22:1892), or two times the damages sustained or $5,000.00 (R.S. § 22:1973). *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000).

19.

Because the statute provides for recovery of attorney's fees, potential attorney's fees are included in analyzing the amount in controversy. *Maxwell v. Lesnick*, No. 1:16-CV-00300, 2016 WL 4070239, at *3 (W.D. La. June 23, 2016), *report and recommendation adopted,* No. 16-CV-00300, 2016 WL 4059549 (W.D. La. July 28, 2016); *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 873–74 (5th Cir. 2002). Courts generally evaluate attorney's fees at one third of the gross recovery in evaluating the amount in controversy. *Edwards v. N.W. Mut. Life Ins. Co.*, 16-CV-00871, 2016 WL 7077883, at *4 (W.D. La. Oct. 11, 2016), *report and recommendation adopted,* 16-CV-00871, 2016 WL 7108587 (W.D. La. Dec. 5, 2016).

20.

If the plaintiff's claim is seen as involving (1) unpaid policy benefits in the amount of $169,629.11, (2) a fifty percent penalty in the amount of $84,814.56, awarded under La. R.S. § 22:1892, and (3) an attorney's fee awarded under La. R.S. § 22:1892, the amount in controversy exceeds $75,000.00.

21.

Plaintiff filed his Petition on April 27, 2023, (Exhibit A) and served American Security through the Louisiana Secretary of State on June 21, 2023. (Exhibit E) Accordingly, American Security is filing this Notice of Removal timely, within the thirty-day removal period under 28 U.S.C. § 1446(b).

22.

This Court is the United States District Court for the district within which the state court action is pending. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6

23.

Undersigned counsel certifies that a Notice of Filing Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

WHEREFORE, American Security Insurance Company prays that any further proceedings in the Civil District Court for the Parish of Orleans, State of Louisiana be discontinued and this action be recognized as removed and pending on the docket of this Court.

Respectfully submitted,

*s/Brian J. D'Angelo*
GORDON P. SEROU, JR. (No. 14432)
BRIAN J. D'ANGELO (No. 39151)
Law Offices of Gordon P. Serou, Jr., LLC
gps@seroulaw.com
bjd@seroulaw.com
365 Canal Street, Suite 2280
New Orleans, Louisiana 70130
Phone: 504-207-1910
Fax:    504-784-6428

*Attorneys for American Security Insurance Company*

## CERTIFICATE OF SERVICE

I, Brian J. D'Angelo hereby certify that on July 7, 2023, I caused a true and correct copy of the foregoing Notice of Removal, to be served via United States mail, first-class, postage prepaid, upon the following:

>David Millaud
>Through his attorney of record:
>Kathryn Sunseri
>Cameron Windham
>Nicaud & Sunseri Law Firm, LLC
>3000 18th Street
>Metairie, Louisiana 70002

*s/Brian J. D'Angelo*
BRIAN J. D'ANGELO